FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 05, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN D. CLIETT,<br><br>Defendant. | No. 1:22-CR-02111-MKD<br><br>ORDER OF MISTRIAL AND SETTING STATUS CONFERENCE |

Before the Court is Defendant Benjamin D. Cliett's oral motion for a mistrial. *See* ECF No. 153 at 3. On August 1, 2024, the Court granted the motion. This Order summarizes and supplements the Court's oral ruling.

**BACKGROUND**

On July 29, 2024, the jury trial commenced. ECF No. 140. On July 31, 2024, at approximately 3:30 p.m., the Court submitted the matter to the jury for deliberations, and it deliberated until approximately 4:30 p.m. ECF No. 144 at 4-5.

The jury resumed deliberations on August 1, 2024, at 8:20 a.m. ECF No. 153 at 1. Between 8:26 a.m. and 8:30 a.m., the jury sent the Court three

ORDER **-** 1

1    questions requesting clarifications or additional instructions.  ECF Nos. 147, 148,

2    149.  After consulting with the parties, the Court responded to each question in

3    writing.  ECF Nos. 147, 148, 149; *see also* ECF No. 153 at 1.

4         At 1:38 p.m., the jury sent the Court a note stating they had reached an

5    impasse.  ECF No. 150; *see also* ECF No. 153 at 1.  Counsel for the United States

6    requested that the Court provide Ninth Circuit Model Criminal Jury Instruction

7    6.25, "Deadlocked Jury," which is the model instruction for an *Allen* charge.  ECF

8    No. 153 at 1.  Defense counsel requested that the Court first poll the jury about the

9    potential deadlock, then provide an *Allen* charge.  *Id.*  The Court individually

10   polled the presiding juror, then the remaining jurors about whether there was a

11   reasonable probability that the jury could reach a unanimous verdict if sent back to

12   the jury room for further deliberations.  *Id.* at 2.  The presiding juror and most

13   other jurors replied, "No," or "Probably not."  *Id.*  Two replied, "Maybe," and one

14   replied, "Yes."  *Id.*  Thereafter, the parties agreed that the Court should provide

15   Model Instruction 6.25.  *Id.*  The Court read Model Instruction 6.25 to the jury at

16   2:46 p.m., and the jury resumed deliberations at 2:48 p.m.  *Id.*; ECF No. 150 at 2;

17   ECF No. 153 at 2.

18        At 3:09 p.m., the Court received an additional question from the jury,

19   consulted with the parties, and responded in writing.  ECF No. 151; ECF No. 153

20   at 2.

ORDER - 2

1    At 4:21 p.m., the jury sent the Court the following note: "Despite following

2  all instructions from the Judge, the jury remains at an impasse against making a

3  unanimous decision."  ECF No. 152; ECF No. 153 at 3.  In the presence of the full

4  jury, the Court asked the presiding juror whether the jury was hopelessly

5  deadlocked, and the presiding juror affirmed.  ECF No. 153 at 3.  The Court asked

6  the remaining jurors if any disagreed with the presiding juror's answer, and no

7  juror indicated they disagreed.  *Id.*  The Court asked the presiding juror whether

8  there was a reasonable probability that the jury could reach a unanimous verdict if

9  sent back to the jury room for further deliberations.  *Id.*  The presiding juror

10  replied, "No."  *Id.*  The Court asked the same question of the remaining jurors.  *Id.*

11  Several jurors shook their heads no, and no juror indicated otherwise.  *Id.*

12    Defense counsel moved for a mistrial, to which the United States did not

13  object.  *Id.*

## LEGAL STANDARD

15    "Before ordering a mistrial, the court must give each defendant and the

16  government an opportunity to comment on the propriety of the order, to state

17  whether that party consents or objects, and to suggest alternatives."  Fed. R. Crim.

18  P. 26.3.  According to the Ninth Circuit,

19            In determining whether to declare a mistrial because of
              jury deadlock, relevant factors for the district court to
20            consider include the jury's collective opinion that it
              cannot agree, the length of the trial and complexity of

ORDER - 3

1

2

3

> the issues, the length of time the jury has deliberated, whether the defendant has objected to a mistrial, and the effects of exhaustion or coercion on the jury. The most critical factor is the jury's own statement that it [was] unable to reach a verdict.

4   *United States v. Hernandez-Guardado*, 228 F.3d 1017, 1029 (9th Cir. 2000)

5   (citations and internal quotation marks omitted). "A district need not, and indeed

6   should not, order continued deliberations once it becomes apparent that hopeless

7   deadlock exists." *United States v. Jefferson*, 566 F.3d 928, 936 (9th Cir. 2009).

8   **DISCUSSION**

9   The Court has considered the factors and finds declaration of a mistrial is

10   appropriate. The jury deliberated for approximately nine hours, which is consistent

11   with the scope of the evidence and the number of issues. The jury indicated twice

12   in writing that they were at an impasse. Upon the first notice, the Court polled the

13   jurors individually, and a minority of jurors indicated that the jury might be able to

14   reach a unanimous verdict with further deliberations. Accordingly, the Court gave

15   the Ninth Circuit's model *Allen* instruction. The jury deliberated for

16   approximately 90 more minutes and sent another question to the Court before

17   indicating they remained at an impasse. At that point, all jurors agreed they were

18   deadlocked and that there was no reasonable probability they would reach a

19   unanimous verdict after further deliberations. Defendant orally moved for a

20

ORDER **-** 4

mistrial, and the United States did not object.  In light of these factors, the Court

grants the motion for a mistrial.

Any retrial following the declaration of a mistrial must commence within

70 days of the date the mistrial was declared, which here was August 1, 2024.

18 U.S.C. § 3161(e); *see also United States v. Pitner*, 307 F.3d 1178, 1182 n.3 (9th

Cir. 2002) (concluding "the declaration of the mistrial" is the relevant "action

occasioning retrial" that starts the 70-day clock under 18 U.S.C. § 3161(e)).

Accordingly, **IT IS HEREBY ORDERED:**

1.     The Court declares a **MISTRIAL**.

2.     A status conference is **SET** for **August 13, 2024, at 11:30 a.m., in Yakima**.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order

and provide copies to all counsel.

**DATED** August 5, 2024.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER **-** 5