Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Michael J. Ellis
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 23 2024

SEAN F. MCAVOY, CLERK
_____, DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | Case No. 1:22-CR-02111-MKD |
|---|---|
| Plaintiff, | Plea Agreement |
| v. | Fed. R. Crim. P. 11(c)(1)(C) |
| BENJAMIN D. CLIETT, | |
| Defendant. | |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney the Eastern District of Washington, and Michael J. Ellis, Assistant United States Attorney for the Eastern District of Washington, and Defendant Benjamin D. Cliett ("Defendant"), both individually and by and through Defendant's counsel, Paul E. Shelton and Nick Mirr, agree to the following Plea Agreement.

1. Guilty Plea and Maximum Statutory Penalties

Defendant agrees to enter a plea of guilty to the Superseding Indictment filed on June 6, 2023, which charges Defendant with Person Subject to a Court Order in Possession of Firearms, in violation of 18 U.S.C. §§ 922(g)(8), 924(a)(8), a Class C felony.

Defendant understands that the following potential penalties apply:

    a.    a term of imprisonment of up to fifteen years;

PLEA AGREEMENT - 1

  b. a term of supervised release of up to three years;

  c. a fine of up to $250,000; and

  d. a $100 special penalty assessment.

2. <u>Supervised Release</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, up to the following terms:

  a. 5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

  b. 3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony,

  c. 2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony, and/or

  d. 1 year in prison if the offense that resulted in the term of Supervised Release is a class E felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3. <u>The Court is Not a Party to this Plea Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter. Defendant understands the following:

  a. sentencing is a matter solely within the discretion of the Court;

PLEA AGREEMENT - 2

  b. the Court is under no obligation to accept any recommendations made by the United States or Defendant;

  c. the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

  d. the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

  e. the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

  f. Defendant understands that this Plea Agreement contains sentencing recommendations pursuant to Fed. R. Crim. P. 11(c)(1)(C). As a result, Defendant may withdraw from this Plea Agreement if the Court imposes a harsher sentence than agreed upon.

4. <u>Potential Immigration Consequences of Guilty Plea</u>

If Defendant is not a citizen of the United States, Defendant understands the following:

  a. pleading guilty in this case may have immigration consequences;

  b. a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

  c. removal from the United States and other immigration consequences are the subject of separate proceedings; and

  d. no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

5. Waiver of Constitutional Rights

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

    a. the right to a jury trial;

    b. the right to see, hear and question the witnesses;

    c. the right to remain silent at trial;

    d. the right to testify at trial; and

    e. the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6. Elements of the Offense

The United States and Defendant agree that in order to convict Defendant of Person Subject to a Court Order in Possession of Firearms, in violation of 18 U.S.C. §§ 922(g)(8), 924(a)(8), the United States would have to prove the following beyond a reasonable doubt.

    a. *First*, on or about July 23, 2022, within the Eastern District of Washington, Defendant knowingly possessed firearms, to wit:

PLEA AGREEMENT - 4

-a Ruger, model Single-Six, .22 caliber revolver, bearing serial number D504744;

-a Ruger, model Mini-14, .223 caliber rifle, bearing serial number 182-47240;

-a Ruger, model Blackhawk, .357 caliber revolver, bearing serial number 133886;

-a Ruger, model Single-Six, .22 caliber revolver, bearing serial number 509409;

-a Remington, model 870 Express, 12-gauge shotgun, bearing serial number X157576M;

-a Remington, .22LR caliber rifle, bearing serial number A2403716;

-a Remington, model 17, 20-gauge shotgun, bearing serial number 27969;

-a Norinco, model SKS, 7.62x39mm caliber rifle, bearing serial number 003246;

-a Norinco, model SKS, 7.62x39mm caliber rifle, bearing serial number 002067;

-an Ithaca Gun Company, Inc., model 37-Featherlight, 12-gauge shotgun, bearing serial number 371687860;

-a Calico, model M-900, 9mm caliber rifle, bearing serial number E003978;

-a Winchester, model 94, .30-.30 Winchester caliber rifle, bearing serial number 2014289;

-a Browning Arms Company, model 92, .44 Magnum caliber rifle, bearing serial number 07015PY167; and

-a PWA, model Commando, 5.56mm caliber rifle, bearing serial number 001484;

PLEA AGREEMENT - 5

b. *Second*, the firearms had been shipped or transported from one state to another;

c. *Third*, at the time Defendant possessed the firearms, Defendant was subject to a court order that (A) was issued after a hearing of which Defendant received actual notice, and at which Defendant had an opportunity to participate; (B) restrained Defendant from harassing, stalking, or threatening an intimate partner of Defendant, or engaging in conduct that would place an intimate partner in reasonable fear of bodily injury to the intimate partner; and (C)(i) included a finding that Defendant represented a credible threat to the physical safety of such intimate partner or (ii) by its terms explicitly prohibited the use, attempted use, or threatened use of physical force against such intimate partner that would reasonably be expected to cause bodily injury; and

d. *Fourth*, at the time Defendant possessed the firearms, Defendant knew he was subject to a qualifying court order.

7. <u>Factual Basis and Statement of Facts</u>

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement.

On July 18, 2022, Defendant had an initial appearance on a misdemeanor domestic violence assault allegation before the City of Yakima Municipal Court. The Municipal Court imposed a no-contact order, which restrained Defendant from

PLEA AGREEMENT - 6

harassing, stalking, and threatening his intimate partner. The order also included the Municipal Court's finding that Defendant represented a credible threat to his intimate partner's physical safety. Defendant had actual notice of and an opportunity to participate in the hearing. Defendant signed the no-contact order, thereby acknowledging its terms.

On July 23, 2022, Defendant was arrested at his residence in Yakima, Washington, within the Eastern District of Washington. Officers located a gun safe inside Defendant's bedroom within Defendant's residence; when opened, the gun safe contained the following firearms:

- a Ruger, model Single-Six, .22 caliber revolver, bearing serial number D504744;
- a Ruger, model Mini-14, .223 caliber rifle, bearing serial number 182-47240;
- a Ruger, model Blackhawk, .357 caliber revolver, bearing serial number 133886;
- a Ruger, model Single-Six, .22 caliber revolver, bearing serial number 509409;
- a Remington, model 870 Express, 12-gauge shotgun, bearing serial number X157576M;
- a Remington, .22LR caliber rifle, bearing serial number A2403716;
- a Remington, model 17, 20-gauge shotgun, bearing serial number 27969;
- a Norinco, model SKS, 7.62x39mm caliber rifle, bearing serial number 003246;
- a Norinco, model SKS, 7.62x39mm caliber rifle, bearing serial number 002067;
- an Ithaca Gun Company, Inc., model 37-Featherlight, 12-gauge shotgun, bearing serial number 371687860;
- a Calico, model M-900, 9mm caliber rifle, bearing serial number E003978;

PLEA AGREEMENT - 7

      -a Winchester, model 94, .30-.30 Winchester caliber rifle, bearing serial number 2014289;

      -a Browning Arms Company, model 92, .44 Magnum caliber rifle, bearing serial number 07015PY167; and

      -a PWA, model Commando, 5.56mm caliber rifle, bearing serial number 001484.

Defendant was found to have redeemed one of the firearms – the PWA, model Commando, 5.56mm caliber rifle, bearing serial number 001484 – from a pawn shop on September 4, 2018. When asked by law enforcement, Defendant acknowledged knowing that firearms were contained inside the safe. Defendant was the owner of both the gun safe and the firearms contained within the gun safe and accordingly had possession and control of the firearms.

      The fourteen firearms were examined by a Bureau of Alcohol, Tobacco, Firearms and Explosives interstate nexus expert and found to have been manufactured outside the State of Washington. As such, the fourteen firearms had traveled in interstate commerce prior to the possession of the firearms by Defendant in the Eastern District of Washington.

      Defendant admits that he possessed the firearms located by Yakima Police Department officers in the gun safe inside Defendant's residence on July 23, 2022. Defendant further admits that, on July 23, 2022, he was subject to a no-contact order that satisfied the requirements of 18 U.S.C. § 922(g)(8)(A)-(C) and knew of his status.

      8. <u>The United States' Agreements</u>

      The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

PLEA AGREEMENT - 8

### 9. United States Sentencing Guidelines Calculations

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations.

    a.    **Base Offense Level**

The United States and Defendant stipulate and agree that the base offense level for Person Subject to a Court Order in Possession of Firearms is fourteen (14). U.S.S.G. § 2K2.1(a)(6).

    b.    **Specific Offense Characteristics**

The United States and Defendant agree that the offense level is increased by four (4) levels as the offense involved between eight (8) and twenty-four (24) firearms. U.S.S.G. § 2K2.1(b)(1)(B).

    c.    **Adjustments**

Defendant acknowledges that the United States intends to argue that the base offense level is increased by an additional two (2) levels as the Defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice within respect to the investigation, prosecution, or sentencing of the instant offense of conviction and the obstructive conduct related to Defendant's offense of conviction and any relevant conduct or a closely related offense. *See* U.S.S.G. § 3C1.1.

Defendant reserves the right to object to a two (2) level increase under U.S.S.G. § 3C1.1.

    d.    **Acceptance of Responsibility**

The United States will recommend that Defendant receive a two (2) level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) if Defendant does the following:

        i.    accepts this Plea Agreement;

PLEA AGREEMENT - 9

    ii.  enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

    iii.  demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

    iv.  provides complete and accurate information during the sentencing process; and

    v.  does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is convicted of any criminal offense or if Defendant tests positive for any controlled substance.

Defendant acknowledges that the United States does not intend to move for an additional one (1) level reduction pursuant to U.S.S.G. § 3E1.1(b).

  e. <u>No Other Agreements</u>

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances. Defendant understands and acknowledges that the United States is free to make any sentencing arguments it sees fit, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and Defendant's relevant conduct.

  f. <u>Criminal History</u>

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigation Report.

//

PLEA AGREEMENT - 10

10. <u>Incarceration</u>

Defendant acknowledges that this Plea Agreement is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(1)(C)"). Pursuant to Rule 11(c)(1)(C), the United States agrees to recommend a sentence of twenty-seven (27) months imprisonment. Defendant is free to recommend any legal sentence. Although the United States and Defendant agree to make a recommendation to the Court as described above pursuant to Rule 11(c)(1)(C), Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will ultimately impose.

Defendant understands that Defendant may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of greater than twenty-seven (27) months or indicates its intent to do so.

The United States and Defendant acknowledge that the imposition of any fine, restitution, forfeiture, or term or conditions of Supervised Release are not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that the United States and Defendant are free – consistent with this Plea Agreement – to make any recommendations they deem appropriate as to the imposition of fines, restitution, forfeiture, or term or conditions of Supervised Release; and that the Court will exercise its discretion in this regard. The United States and Defendant acknowledge that the Court's decisions regarding the imposition of fines, restitution, forfeiture, or term or conditions of Supervised Release will not provide bases for Defendant to withdraw Defendant's guilty plea or withdraw from this Rule 11(c)(1)(C) Plea Agreement.

Defendant acknowledges that if either the United States or Defendant successfully withdraws from this Plea Agreement, the Plea Agreement becomes a nullity, and the United States is no longer bound by any representations within it.

//

//

PLEA AGREEMENT - 11

11. Supervised Release

The United States and Defendant agree to recommend that the Court impose a three (3) year term of supervised release. Defendant agrees that the Court's decision regarding the conditions of Defendant's Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

12. Criminal Fine

The United States and Defendant agree to recommend that no fine be imposed. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

13. Mandatory Special Penalty Assessment

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

14. Judicial Forfeiture

Defendant agrees to voluntarily forfeit and relinquish all right, title and interest he has or may have in the following listed assets to the United States:

- a Ruger, model Single-Six, .22 caliber revolver, bearing serial number D504744;
- a Ruger, model Mini-14, .223 caliber rifle, bearing serial number 182-47240;
- a Ruger, model Blackhawk, .357 caliber revolver, bearing serial number 133886;

PLEA AGREEMENT - 12

    -a Ruger, model Single-Six, .22 caliber revolver, bearing serial number 509409;

    -a Remington, model 870 Express, 12-gauge shotgun, bearing serial number X157576M;

    -a Remington, .22LR caliber rifle, bearing serial number A2403716;

    -a Remington, model 17, 20-gauge shotgun, bearing serial number 27969;

    -a Norinco, model SKS, 7.62x39mm caliber rifle, bearing serial number 003246;

    -a Norinco, model SKS, 7.62x39mm caliber rifle, bearing serial number 002067;

    -an Ithaca Gun Company, Inc., model 37-Featherlight, 12-gauge shotgun, bearing serial number 371687860;

    -a Calico, model M-900, 9mm caliber rifle, bearing serial number E003978;

    -a Winchester, model 94, .30-.30 Winchester caliber rifle, bearing serial number 2014289;

    -a Browning Arms Company, model 92, .44 Magnum caliber rifle, bearing serial number 07015PY167; and

    -a PWA, model Commando, 5.56mm caliber rifle, bearing serial number 001484.

    Defendant acknowledges that the assets listed above are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), as property involved or used in the commission of the offense Person Subject to a Court Order in Possession of Firearms, in violation of 18 U.S.C. §§ 922(g)(8), 924(a)(8), to which Defendant is pleading guilty.

    Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States and to testify truthfully in any forfeiture proceeding. Defendant agrees to hold all law enforcement agents and the United States, its agents, and its employees harmless from any claims whatsoever arising

PLEA AGREEMENT - 13

in connection with the seizure, abandonment, or forfeiture of any asset covered by this agreement.

Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets the Defendant is agreeing to forfeit in this Plea Agreement.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the assets. Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

15. <u>Payments While Incarcerated</u>

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

16. <u>Additional Violations of Law Can Void Plea Agreement</u>

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is convicted of any criminal offense or tests positive for any controlled substance.

17. <u>Waiver of Appeal Rights</u>

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

In return for the concessions that the United States has made in this Plea Agreement, Defendant expressly waives all of Defendant's rights to appeal Defendant's conviction and the sentence the Court imposes.

PLEA AGREEMENT - 14

Defendant further expressly agrees that, should the Court indicate its intent to impose a sentence above the Rule 11(c)(1)(C) terms of this Plea Agreement, Defendant has fourteen (14) days from the sentencing hearing to file with the Court a notice of withdrawal from the Rule 11(c)(1)(C) Plea Agreement. Defendant expressly waives Defendant's right to withdraw from the Rule 11(c)(1)(C) Plea Agreement more than fourteen (14) days after the Court either imposes a sentence above the Rule 11(c)(1)(C) terms of this Plea Agreement or indicates its intent to do so.

Defendant expressly waives Defendant's right to appeal any fine, term or conditions of supervised release, forfeiture, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

18. <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

    a.    this Plea Agreement shall become null and void;

    b.    the United States may prosecute Defendant on all available charges;

PLEA AGREEMENT - 15

  c. The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

  d. the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

  19. <u>Integration Clause</u>

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

//
//

1   The United States and Defendant agree that this Agreement cannot be
2   modified except in a writing that is signed by the United States and Defendant.

### Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____          9-23-2024
Michael J. Ellis                        Date
Assistant United States Attorney

I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____          9-23-2024
Benjamin D. Cliett                      Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's

//

PLEA AGREEMENT - 17

decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

_____   9/23/2024
Paul E. Shelton                   Date
Attorney for Defendant

_____   9/23/2024
Nick Mirr                         Date
Attorney for Defendant

PLEA AGREEMENT - 18