Richard R. Barker
Acting United States Attorney
Eastern District of Washington
Michael J. Ellis
Assistant United States Attorney
Post Office Box 1494
Spokane, Washington 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>BENJAMIN D. CLIETT,<br><br>　　　　　　Defendant. | Case No. 1:22-CR-02111-MKD<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

Plaintiff, United States of America, by and through Richard R. Barker, Acting United States Attorney for the Eastern District of Washington, and Michael J. Ellis, Assistant United States Attorney for the Eastern District of Washington, submits the following sentencing memorandum.

## I.   BACKGROUND

The Government agrees with the Offense Conduct summary outlined in paragraphs eleven through twenty-one of the draft Presentence Investigation Report. *See* ECF No. 174 at ¶¶ 11–21. On July 18, 2022, the Defendant was restrained by court order from contacting his significant other, A.K., following a domestic violence arrest. Five days later, law enforcement was called to the Defendant's residence following reports of screaming coming from inside. Officers entered the home and found the Defendant hiding in a doghouse; A.K. was also present. Both the Defendant and A.K. were in various states of undress. While conducting a protective sweep for

GOVERNMENT'S SENTENCING MEMORANDUM - 1

the Defendant, officers noticed firearm magazines and a gun safe. Officers later returned with a search warrant and found ammunition and magazines spread throughout the home and eighteen firearms in the gun safe. The Defendant had personally redeemed one gun from a pawn shop.

The Defendant later proceeded to a jury trial which resulted in a hung jury. As discussed in the Government's Objections to the Presentence Investigation Report, the Defendant testified and made multiple claims that defy both common sense and other evidence. *See* ECF No. 176.

## II.    SENTENCING CALCULATIONS

### A. Base Offense Level & Enhancements

The Government agrees with the draft Presentence Investigation Report that the Defendant's base offense level is fourteen (14) and that the base offense level is increased by four (4) levels as the Defendant's offense involved eighteen firearms. As noted, the Government believes a further two (2) level increase is appropriate as a result of the Defendant's attempts to obstruct justice. *See* ECF No. 176 (citing U.S.S.G. § 3C1.1). Further, the Government concurs with the draft Presentence Investigation Report that the Defendant merits a two (2) level reduction under U.S.S.G. § 3E1.1(a) as the Defendant's guilty plea spared the Government, the Court, and the public the expense of a second trial. Finally, the Government agrees with the draft Presentence Investigation Report that the Defendant has three (3) criminal history points and a resulting Criminal History Category of II. As such, the Defendant's total, adjusted offense level is eighteen (18) for a guideline sentencing range of thirty (30) to thirty-seven (37) months.

### B. Departures

The Government is not seeking an upward departure in this matter. As a result of a slightly higher guideline range than anticipated by the parties (due to the Defendant ultimately being Criminal History Category II instead of I), the Court's

acceptance of the Rule 11(c)(1)(C) Plea Agreement would call for a slight downward variance from the sentencing guideline.

### III.  SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

In determining the appropriate sentence, this Court should consider the factors as set forth in 18 U.S.C. § 3553(a).

    A. <u>The nature and circumstances of the offense and the history and characteristics of the Defendant</u>

Based on the totality of the circumstances, the nature and characteristics of the Defendant's conduct warrant a sentence of twenty-seven (27) months imprisonment. As outlined in the draft Presentence Investigation Report, the Defendant led a crime-free (if somewhat troubled in other areas such as substance abuse) life until his volatile, intimate partner violence-infused relationship with A.K. The Defendant committed a crime of domestic violence against A.K., leading to the protection order and the Defendant's then-temporary prohibition on firearm possession. The Defendant failed to abide by those restrictions, returning to his residence which was undisputedly full of firearms, ammunition, and magazines. The Defendant violated the no-contact order on multiple occasions and was – based on reasonable inferences drawn from both the neighbor and law enforcement's observations prior to entry – engaged in some kind of dispute with A.K. on July 23, 2022.

Section 922(g)(8) serves an important purpose in protecting the public; as found by the Supreme Court, "[a]n individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." *See United States v. Rahimi*, 602 U.S. 680, 702 (2024). The firearm prohibition serves the purpose of restricting access to firearms from persons actively found to be engaged in violence towards their intimate partners. The Defendant flouted the prohibition; worse, the Defendant ignored the restriction while continuing to engaged in apparently negative contacts with A.K. Further – per the Defendant's own account – the Defendant was likely prohibited from firearm possession prior to

1  the imposition of the protective order through the Defendant's admitted drug use. *See*
2  ECF No. 174 at ¶¶ 87–89; *see also* 18 U.S.C. § 922(g)(3). The Defendant's offense –
3  both in isolation and when viewed in light of the massive amount of firearms and
4  ammunition stored in the Defendant's home – was accordingly serious.
5         The Defendant has exacerbated the seriousness of his misconduct through the
6  Defendant's apparent attempts to talk his way out of trouble. Based on the evidence
7  before the Court (and reasonable inferences the Court can draw from that evidence),
8  the Defendant appears to say whatever he feels will put himself in the best situation
9  for the Defendant. The Defendant wants to keep things he likes while going through
10 bankruptcy; leave them off the form or claim they have zero value. Get questioned
11 about it; blame the bankruptcy attorney. The Defendant wants to keep his guns; sign
12 the form in municipal court asserting he has no guns to surrender. The Defendant
13 doesn't want to get in trouble for violating the protective order; claim to Officer
14 Wilske that he (utterly implausibly) didn't even know A.K. was home until the police
15 were banging on the door. The pawn shop redemption form supports a strong
16 inference the Defendant has access to the gun safe; invent a fantastical story blaming
17 his former mother-in-law.
18        The Defendant has a problem with the truth. Making assertions "under penalty
19 of perjury" does not appear to have much carry much weight with him. In addition to
20 deterring the Defendant from future firearm possession (from which he is now
21 permanently barred), the Court's sentence should factor in the need to deter the
22 Defendant from continuing in his apparent belief that it is acceptable to lie to get what
23 he wants or to put himself in a better position. A twenty-seven (27) month sentence is
24 sufficient but not greater than necessary to account for the severity of the Defendant's
25 conduct, especially in light of the number of firearms involved and the Defendant's
26 attempts to talk his way out of trouble.
27        Further, the Government requests that the Court impose a three (3) year term of
28 supervised release. The Defendant has admitted using controlled substances in the past

GOVERNMENT'S SENTENCING MEMORANDUM - 4

but has never received treatment. A term of supervised release is accordingly appropriate to protect the community from further criminal behavior and provide the Defendant resources following any term of incarceration to assist in his reintegration into society.

  B. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment</u>

 For the reasons discussed above, the Government asks that the Court sentence the Defendant to twenty-seven (27) months imprisonment. Such a sentence reflects the seriousness of the Defendant's criminal conduct, the Defendant's criminal history, and promote respect for the law.

 The Government also asks that the Court order a three (3) year term of supervised release.

  C. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct</u>

 As discussed above, a twenty-seven month sentence followed by a three year term of supervised release will deter future criminal activity by the Defendant.

  D. <u>The need for the sentence imposed to protect the public from further crimes of the Defendant</u>

 As discussed above, a twenty-seven month sentence followed by a three year term of supervised release will protect the public from any future criminal activity by the Defendant.

  E. <u>The need for the sentence imposed to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner</u>

 A twenty-seven month sentence followed by a three year term of supervised release would provide the Defendant with opportunities for controlled substance abuse treatment as well as vocational training. The combination of the above will hopefully deter future misconduct by the Defendant.

GOVERNMENT'S SENTENCING MEMORANDUM - 5

F.  <u>The kinds of sentences available</u>

The Court may sentence the Defendant to up to fifteen years imprisonment, a fine of up to $250,000, and up to a three year term of supervised release.

G.  <u>The kind of sentence contemplated by the Sentencing Guidelines</u>

The Sentencing Guidelines contemplate a term of imprisonment.

H.  <u>Any pertinent policy statements issued by the Sentencing Commission</u>

There are no pertinent policy statements in this case.

I.  <u>The need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct</u>

A twenty-seven month sentence is close to both the average and median sentence for similarly situated defendants and would accordingly not result in an unwarranted sentencing disparity.

J.  <u>The need to provide restitution to any victims of the offense</u>

There is no restitution contemplated in this matter.

**IV.   GOVERNMENT'S SENTENCING RECOMMENDATION**

As discussed above, the Government recommends that the Court impose a twenty-seven (27) month sentence followed by a three (3) year term of supervised release with the conditions outlined in the draft Presentence Investigation Report. *See* ECF No. 174 at 21–25. Such a sentence is sufficient, but not greater than necessary, to accomplish the purposes outlined in 18 U.S.C. § 3553(a).

Dated:   February 14, 2025.

Richard R. Barker
Acting United States Attorney

*s/Michael J. Ellis*
Michael J. Ellis
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Nick Mirr

*s/ Michael J. Ellis*
Michael J. Ellis
Assistant United States Attorney

GOVERNMENT'S SENTENCING MEMORANDUM - 7